UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORGE GONZALEZ,

                            Plaintiff,        **ACTION UNDER 29 U.S.C.§ 216(b)**

   -v.-                                      **COMPLAINT**

BRAVO PIZZA ENTERPRISES, INC.,
PHILLIP GRATZ and KENNETH FELLUS,
individually,

                            Defendants
------------------------------------------------------------X

      Plaintiff JORGE GONZALEZ, represented by STILLMAN LEGAL PC., brings this Action for himself and other employees of Defendants BRAVO PIZZA ENTERPRISES, INC., PHILL GRATZ, and KENNETH FELLUS, who are similarly situated in terms of job duties and wage conditions, in their individual and official capacities (hereinafter referred to as the "Defendants"). This action is brought under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"). The allegations are based on the following information and belief:

## NATURE OF THE ACTION

      1. This Complaint seeks to recover, inter alia, overtime wage compensation for Plaintiff, a former employee of Defendant BRAVO PIZZA ENTERPRISES, INC., a New York Corporation with offices at 360 7th Ave #5011, New York, NY 10001, and its principal, Defendants PHILLIP GRATZ and KENNETH FELLUS. The plaintiff was hired directly by Defendants PHILLIP GRATZ and KENNETH FELLUS, who set his work

schedule and consistently gave him daily orders and instructions regarding his duties. Defendants PHILLIP GRATZ and KENNETH FELLUS also exercised disciplinary authority over Plaintiff, including, but not limited to, issuing warnings, reprimands, and implementing other disciplinary measures as he deemed necessary. The Plaintiff alleges that the Defendants, with full knowledge and intention, failed to pay the required wages. The plaintiff was employed primarily as a host, arranging and organizing the customers at the respective tables, then, he was a cook, helping to prepare the pizzas under the direct supervision and control of Defendants PHILLIP GRATZ and KENNETH FELLUS. These actions were taken by Defendants with full knowledge and intention to violate labor laws.

2. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

3. However, despite such mandatory pay obligations, Defendants, with full knowledge and willful intent, compensated Plaintiff at varying rates of $15, $16, and $18 per hour, depending on the time and role, and failed to pay Plaintiff his lawful overtime pay for the period from November 2020 until December 31, 2024. Throughout this referenced period, Plaintiff consistently worked for approximately (provide average hours) hours per workweek, considerably over the standard forty (40) hours, as dictated by the work schedule imposed by Defendants PHILLIP GRATZ and KENNETH FELLUS. Defendants PHILLIP GRATZ and KENNETH FELLUS regularly exercised their authority to require Plaintiff to work additional hours beyond his scheduled work hours without providing the requisite overtime compensation. This included instances from November 2020 until December 31, 2024, where the Plaintiff was required to work ninety (90) hours without receiving appropriate overtime pay.

4. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees; and at all times relevant to this Complaint, Defendants uphold a policy and practice of obligating Plaintiff and other employees to work without providing the legally obligated overtime compensation, as demonstrated by (provide specific examples or evidence).

5. Plaintiff brings this action under the Wage Theft Prevention Act for Defendants' willful failure to provide written notice of wage rates in violation of said laws. This willful lack of transparency and communication from Defendants GRATZ and FELLUS caused significant injury in fact to the Plaintiff in the form of financial loss, emotional distress, and confusion as it obstructed his ability to calculate his owed wages accurately. This failure directly resulted from Defendants PHILLIP GRATZ and KENNETH FELLUS's negligent actions as the Plaintiff's employer, who was responsible for communicating wage rates and maintaining accurate record keeping. Furthermore, at all relevant times, Defendants knowingly failed to maintain accurate record keeping as mandated by the FLSA and the NYLL, thereby exacerbating the injury in fact suffered by the Plaintiff, obstructing his ability to determine owed wages accurately, and facilitating continued violation of wage laws. This injury in fact constitutes a violation of the Wage Theft Prevention Act, as Plaintiff's ability to assert his rights and calculate his owed wages was severely impaired due to Defendants' negligent actions and failure to comply with the Act's provisions.

6. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages and unpaid spread-of-hours wages pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

7. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

8. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

10. In accordance with 28 USC § 1367, this Court has supplemental jurisdiction over the New York state law claims. This is due to the principles of pendent and ancillary jurisdiction, as the case involves a mix of federal and state claims that are all intertwined and stem from the same set of facts.

11. Pursuant to 28 USC §§ 2201 and 2202, this Court has the authority to issue a declaratory judgment.

12. The Southern District of New York is the appropriate venue for this case, as per 28 USC § 1391(b)(c), for several reasons: the Corporate Defendants reside in this District; the Plaintiff, Jorge Gonzalez, also resides in this District; and a substantial portion of the events or omissions giving rise to these claims transpired in this District.

## PARTIES

**Plaintiff**

13. The Plaintiff, JORGE GONZALEZ, is an individual residing in New York, and has been a resident during all relevant times related to this case.

14. The Plaintiff, JORGE GONZALEZ, was employed by BRAVO PIZZA ENTERPRISES, INC. (a New York Corporation), at its offices located at 360 7th Ave

#5011, New York, NY 10001. His tenure of employment spanned from November 2020 to December 31, 2024. Initially handling the role of a host, where he managed customer seating arrangements, GONZALEZ transitioned to the role of a cook assisting in pizza preparation. During his employment, Defendants PHILLIP GRATZ and KENNETH FELLUS maintained control over GONZALEZ's work schedule, dictating his working hours and days. In addition, GRATZ and FELLUS had the power to impose disciplinary measures on GONZALEZ, which they exercised on several occasions.

15. At all times relevant hereto, Plaintiff GONZALEZ was a covered employee within the meaning of the FLSA and the NYLL.

16. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b). The Plaintiff alleges that the Defendants' actions were willful and intentional.

**Defendants**

17. Defendant BRAVO PIZZA ENTERPRISES, INC. is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 360 7th Ave #5011, New York, NY 10001.

18. Upon information and belief, Defendant BRAVO PIZZA ENTERPRISES, INC. is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2025, and were directly engaged in interstate commerce.

19. Upon information and belief, Defendants PHILLIP GRATZ and KENNETH FELLUS are the President, Chief Executive Officer, manager, principal, or agent of Defendant BRAVO PIZZA ENTERPRISES, INC.

20. Upon information and belief, and at all times relevant to the claims herein, Defendants PHILLIP GRATZ and KENNETH FELLUS willfully and knowingly possessed operational control over Defendant BRAVO PIZZA ENTERPRISES, INC. by reason of his ownership interest, and control of significant functions of Defendant Corporation. Defendants PHILLIP GRATZ and KENNETH FELLUS: (i) were known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant BRAVO PIZZA ENTERPRISES, INC.; (ii) personally hired Plaintiff, setting his wages and compensation; (iii) regularly established Plaintiff's work schedules and workload, giving him daily orders and instructions; (iv) maintained and personally reviewed employee records; (v) paid Plaintiff weekly wages; (vi) had the authority to and did in fact discipline Plaintiff during the course of his employment; and (vii) ultimately terminated Plaintiff's employment.

21. Defendants PHILLIP GRATZ and KENNETH FELLUS acted intentionally and maliciously and are employers pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

22. Defendants owned and operated BRAVO PIZZA ENTERPRISES, INC., a corporate entity principally engaged in New York. At all relevant times, Defendants BRAVO PIZZA ENTERPRISES, INC., PHILL GRATZ, and KENNETH FELLUS possessed operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of the Defendant Corporation.

23. As a regular business practice, the Defendants knowingly and willfully caused harm to Plaintiff JORGE GONZALEZ and other employees belonging to the same class by repeatedly violating FLSA rules. Such willful violations created a pattern and/or policy

include, but are not limited to, the following:

> a. failing to pay employees, including Plaintiff JORGE GONZALEZ, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;
>
> b. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions, as required by the FLSA, the NYLL, and the WTPA, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws. This failure to provide the required wage notices and statements has caused injury in fact and actual damages to the Plaintiff and similarly situated employees; and

24. Defendants have knowingly and willfully engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been willfully intentional, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff JORGE GONZALEZ and the other class members.

25. Defendant BRAVO PIZZA ENTERPRISES, INC., under the direct supervision and authority of Defendants PHILLIP GRATZ and KENNETH FELLUS, acted in the interest of these specific Defendants, primarily in relation to their employees. This involvement extended to the determination of employee compensation rates and methods, as well as shared control over their employees.

26. Throughout the Plaintiff's employment, Defendants BRAVO PIZZA ENTERPRISES, INC., PHILL GRATZ, and KENNETH FELLUS maintained significant control over the working conditions of Plaintiff and others in similar positions. They exercised this control by:

   a) Directly setting work schedules
   b) Assigning tasks

    c) Implementing disciplinary actions

    d) Determining compensation methods and rates

For instance, Defendants GRATZ and FELLUS personally set the Plaintiff's work hours, issued daily instructions, and decided on the Plaintiff's compensation structure.

27. Defendants BRAVO PIZZA ENTERPRISES, INC., PHILL GRATZ, and KENNETH FELLUS jointly employed Plaintiff and others in similar positions, and are their employers within the meaning of 29 USC 201 et seq. and the NYLL.

28. Defendants BRAVO PIZZA ENTERPRISES, INC., PHILL GRATZ, and KENNETH FELLUS constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them do not affect their joint responsibility as employers.

29. At all times relevant hereto, Defendants BRAVO PIZZA ENTERPRISES, INC., PHILL GRATZ, and KENNETH FELLUS were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Similarly, the Defendants were responsible for the termination of the Plaintiff's employment, making the decision to end the employment relationship. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position, and the termination process where the Defendants decided to end the Plaintiff's employment. The Defendants also controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of any compensation in exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on

the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

**Plaintiff JORGE GONZALEZ**

30. Plaintiff worked from approximately November 2020 until December 31, 2024. Defendants employed plaintiff GONZALEZ at their 360 7th Ave #5011, New York, NY 10001 facility. The plaintiff was employed as a host, arranging and organizing the customers at the respective tables. Then, he was a cook, helping to prepare the pizzas and doing any additional tasks assigned by Defendants GRATZ and FELLUS.

31. Plaintiff worked extensive hours for Defendant, with a schedule from Monday to Thursday, 9:00 A.M. to 11:00 P.M. on Fridays and Saturdays, from 9:00 A.M. to 2:00 A.M., Sundays were designated as a day off. The Plaintiff regularly worked an average of 90 hours per week, with a minimum of 70 hours and a maximum of 100 hours per week. From November 2020 to April 2021, the Plaintiff was paid $15 per hour. From May 2021 to October 2021, the hourly rate increased to $16, and beginning in November 2021, the Plaintiff was paid $18 per hour. Despite working up to 100 hours per week, the maximum weekly wage the Plaintiff received was $1,700. In addition to wages, the Plaintiff occasionally received tips, typically amounting to $50 per week and, in rare instances, up to $100 per week. These tips were paid in cash. The Plaintiff was provided with a 30-minute lunch break each workday.

32. From November 15, 2020, until April 30, 2021, Plaintiff was paid $15 per hour, the underpayment per week was $375, and the total underpayment of that period of time was $9,000. From May 1, 2021, until October 31, 2021, Plaintiff was paid $16 per hour, the underpayment per week was $400, and the total underpayment of that period of time was $10,400. From November 1, 2021, until December 31, 2023, Plaintiff was paid $18 per hour, the underpayment per week

was $450, and the total underpayment of that period of time was $50,850. From January 1, 2024, until December 31, 2024, Plaintiff was paid $18 per hour, the underpayment per week was $450, and the total underpayment of that period of time was $23,400. The total owed wages are approximately $93,650.

33. Plaintiff GONZALEZ did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff GONZALEZ did not come and go at his pleasure but rather was controlled by Defendants.

34. Plaintiff GONZALEZ was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff GONZALEZ's work is properly characterized as menial physical labor.

35. Plaintiff GONZALEZ regularly handled goods in interstate commerce and other items produced outside of the State of New York.

36. Plaintiff worked without appropriate overtime wages from the beginning and until the end of his employment with Defendants, a violation which we contend was done willfully and intentionally by the Defendants.

37. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff GONZALEZ regarding wages as required under the FLSA and NYLL. This failure to provide notice, which we allege was a willful violation by the Defendants, has caused Plaintiff substantial injury in fact, as he was unable to ascertain his entitled wage rates and exercise his right to fair compensation under the law, leading to quantifiable financial losses, emotional distress, and other associated damages.

38. Defendants failed to provide Plaintiff GONZALEZ with an accurate wage

statement accompanying each payment, as required by NYLL 195(3). This willful failure caused substantial injury in fact to the Plaintiff as it hindered his ability to accurately determine his owed wages, leading to significant financial losses, emotional distress, and other associated damages.

39. Defendants willfully never provided Plaintiff Jorge Gonzalez with written notice of his rate of pay, employer's regular payday, and the specific information required by NYLL §195(1). This willful failure to provide notice has caused Plaintiff substantial harm, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and other associated damages.

## Defendants' General Employment Practices

40. As part of their regular business practices, Defendants knowingly and willfully required Plaintiff JORGE GONZALEZ to work a significant number of hours beyond his scheduled hours without paying him the proper overtime wages as required by federal and state laws. For instance, Defendants consistently required Plaintiff to work additional hours, particularly during peak periods such as end of financial quarters, from November 2020 until December 31, 2024, without providing the requisite overtime compensation.

41. By such common policy and practice, Defendants willfully violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

42. Defendants deliberately and willfully failed to post the statutorily required wage and hour posters and did not provide Plaintiff JORGE GONZALEZ with the required wage and hour records or payment statements. This was partly an attempt to conceal Defendants' violations of the wage and hour laws and exploit Plaintiff's limited knowledge of these laws.

43. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) overtime wages.

44. The NYLL Wage Theft Prevention Act requires employers to provide all employees with written notice of wage rates. Defendants' intentional and willful failure to provide this written notice has caused the Plaintiff, JORGE GONZALEZ, to suffer tangible harm, as he was unable to accurately determine his owed wages, leading to financial harm and distress.

45. Throughout the relevant time period, Defendants willfully paid Plaintiff JORGE GONZALEZ wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This failure to provide the required wage statement and annual pay notices constitutes an injury in nancial harm, emotional distress, and other consequential damages, and is a violation of Plaintiff's rights.

46. Defendants willfully failed to provide Plaintiff JORGE GONZALEZ with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). This willful failure to provide accurate wage statements constitutes an injury in fact under the Wage Theft Prevention Act, leading to financial harm, emotional distress, and other injuries in fact as he was unable to fully understand

and assert his rights regarding his wages.

## **FIRST CAUSE OF ACTION**
**(Violation of FLSA Overtime Wage Provisions (29 U.S.C. § 206, 207)**

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment. For instance, Defendants were directly involved in the hiring process of the Plaintiff, with Defendants PHILLIP GRATZ and KENNETH FELLUS personally conducting the interview and offering the job to the Plaintiff. Defendants also exercised control over Plaintiff's work schedule, with Defendants GRATZ and FELLUS regularly setting his weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendants GRATZ AND FELLUS frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

49. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

50. Defendants, in willful violation of the FLSA, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

51. Defendants' failure to pay Plaintiff the applicable overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

52. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

53. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. Seeking damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages Under New York Labor Law)

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants, in a willful violation of the NYLL § 190 *et seq.* and associated rules and regulations, neglected to compensate Plaintiff with the applicable overtime pay at rates of one and one-half times the regular rate of pay for each hour worked beyond the standard forty hours in a workweek.

56. Defendants' failure to pay Plaintiff overtime wages was willful within the meaning of N.Y.Lab.Law § 663.

57. Due to the Defendants' deliberate and willful breaches of the New York Labor Law, the Plaintiff, JORGE GONZALEZ, is legally entitled to seek recovery from the Defendants for his unpaid overtime wages, liquidated damages as outlined under the New York Labor Law, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth

herein.

59. Defendants willfully failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law. This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and other associated damages. Furthermore, due to Defendants' failure to provide complete, accurate, and legally required notifications regarding the rate of pay and other essential employment terms, Plaintiff has experienced additional hardship and injury, including but not limited to financial instability, emotional distress, and time spent correcting and seeking redress for these violations. It has resulted in financial harm and distress due to the inability to accurately determine owed wages and other compensation-related matters, in violation of NYLL § 195(1).

60. Due to Defendants' willful violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants, specifically Defendants PHILLIP GRATZ and KENNETH FELLUS,

who directly hired Plaintiff and unilaterally determined the terms of his employment, set his work schedule, issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions, have willfully failed to provide Plaintiff with complete and accurate wage statements throughout his employment. This failure is evident from the discrepancies in the wage statements and the actual hours worked as recorded in the work logs maintained by the Plaintiff. These statements should have included, among other things, all his regular and any overtime hours of work, his rate of pay, and the basis of pay. This failure to provide accurate wage statements has caused Plaintiff substantial injury in fact, resulting in significant financial loss, emotional distress, and other associated damages including but not limited to financial instability, undue hardship, and time spent seeking redress for these violations. Plaintiff was unable to fully understand and assert his rights regarding his wages due to Defendants' failure to provide complete, accurate, and legally required wage statements, in violation of NYLL § 195(3).

63. In light of the Defendants' deliberate and willful violations of the New York Labor Law, the Plaintiff is entitled to recover statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), as stipulated under NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JORGE GONZALEZ respectfully requests that this Court enter judgment against Defendants BRAVO PIZZA ENTERPRISES, INC., PHILL GRATZ, and KENNETH FELLUS, as follows:

  a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims), and immediate issuance of a notice in accordance with 29 U.S.C. § 216(b) to

all similarly situated members of the FLSA opt-in class, informing them of the ongoing nature of this action, and allowing them to assert timely FLSA claims and state claims in this action by submitting individual Consent to Sue forms in line with 29 U.S.C. § 216(b);

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c. Declaring that Defendants have willfully violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages equivalent to 100% of his unpaid overtime wages, as well as damages for any improper deductions or credits taken against wages, in accordance with 29 U.S.C.§ 216(b);

e. Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f. Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

g. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime wage compensation shown to be owed as per the provisions of NYLL § 663;

h. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

i. Awarding Plaintiff the expenses incurred in this action,

including costs and attorney's fees; and

  j. All such other and further relief as the Court deems just and proper.

  k. An award of statutory damages for Defendants' willful and deliberate failure to provide Plaintiff with wage notices at the time of his hiring and at any subsequent point is sought. This failure resulted in substantial harm to the Plaintiff. He was unable to accurately calculate his due wages, leading to considerable financial losses, emotional distress, and other damages. These damages include but are not limited to lost wages, penalties for non-compliance, and costs associated with rectifying the wage notice violations, in violation of NYLL § 198 (1-b);

  l. An award of statutory damages for Defendants' willful failure to provide Plaintiff with complete and accurate wage statements. This failure caused significant injury in fact to the Plaintiff, as it led to his inability to fully understand and assert his rights regarding his wages and resulted in financial losses and distress, in violation of NYLL § 198 (1-d);

  m. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  n. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 or the New York Civil Practice Law and Rules § 5003, as applicable;

  o. An award for any harm suffered by the Plaintiff due to Defendants' willful and deliberate violation of the Wage Theft Prevention Act (WTPA), including but not limited to financial losses, emotional

distress, loss of enjoyment of life, and any other tangible or intangible harm including but not limited to emotional turmoil, mental anguish, loss of job satisfaction, and detriment to career progression. suffered by the Plaintiff as a direct consequence of Defendants' actions; and any other relief this Court deems just and appropriate.

Dated: New York, New York
      January 9, 2025

LINA STILLMAN, ESQ.

_____
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com